**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0370-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHELLE VELASQUEZ, a/k/a
MICHELE VELASQUEZ,

    Defendant-Appellant.

_____

Submitted March 17, 2020 – Decided July 22, 2020

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-06-0716.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth Elizabeth Hunter, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michelle Velazquez was arrested when she refused to relinquish a cell phone her boyfriend Rommel E. Sedin[1] handed her as he was being arrested in front of his family's home. Police suspected Sedin and his brothers of having committed a string of armed robberies involving cash and cell phones, including one in which the victim had identified Sedin as one of the robbers. Police were executing a search warrant at the Sedin home when he and defendant drove up. As police arrested Sedin pursuant to a warrant, he handed a cell phone to defendant, who refused police demands to turn it over. The officer in charge repeatedly warned defendant she would be arrested for obstruction if she didn't immediately hand over the phone as it was evidence in their investigation. When defendant continued to refuse, police arrested her and pried the phone from her hand.

A search incident to her arrest revealed two more cell phones, one belonging to the robbery victim who had identified Sedin as one of the men who had robbed him of his iPhone and $600 the week before. Data extracted from those cell phones revealed that all the calls and texts on the victim's

---

[1] Sedin was tried separately from defendant. We affirmed his convictions and sentence in a separate opinion. State v. Sedin, No. A-2228-17T2 (App. Div. Apr. 20, 2020).

phone pre-dating the robbery had been removed. After the robbery, the phone was used to dial Sedin's brother and his girlfriend, as well as defendant. The victim testified he didn't recognize any of those numbers. The data also revealed the victim's phone was used after the robbery to access the internet from defendant's home. The data from another of the phones, the one Sedin handed to defendant as he was arrested, reflected calls between defendant and Sedin just before and just after the robbery.

After defendant's motions to dismiss the indictment and suppress the cell phones, and the data extracted from them, were denied, a jury convicted her of fourth-degree tampering with evidence, N.J.S.A. 2C:28-6(1), and third-degree hindering the apprehension of another person, N.J.S.A. 2C:29-3(a)(3). The judge dismissed a charge of receiving stolen property on defendant's motion after the State rested. The judge sentenced her to concurrent four-year terms of probation with suspended 364-day county jail terms. Defendant appeals, raising the following issues for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BECAUSE THE STATE FAILED TO PRESENT EXCULPATORY EVIDENCE TO THE GRAND JURY.

3

POINT II

THE TRIAL COURT SHOULD HAVE GRANTED
THE MOTION TO SUPPRESS BECAUSE THE
WARRANT AFFIDAVIT FOR THE ELECTRONIC
SEARCH OF CELL PHONES LACKED PROBABLE
CAUSE.

POINT III

EVIDENCE ABOUT THE SEDIN ROBBERY WAS
NOT INTRINSIC EVIDENCE OF THE CRIMES
WITH WHICH DEFENDANT WAS CHARGED,
AND ALSO FAILED TO MEET THE COFIELD
TEST FOR ADMISSIBILITY. SEE STATE V.
COFIELD, 127 N.J. 328, 336 (1992). THEREFORE,
THE TRIAL COURT IMPROPERLY ADMITTED
THIS R. 404(B) EVIDENCE.

POINT IV

THE TRIAL COURT IMPROPERLY ADMITTED
THE POLICE OFFICER'S TESTIMONY ABOUT
THE CELL PHONE EXTRACTION REPORTS
BECAUSE IT DID NOT SATISFY N.J.R.E. 701.

We find insufficient merit in defendant's first two points to warrant discussion here, see Rule 2:11-3(e)(2), and affirm the rulings on the motions substantially for the reasons expressed by Judge Pincus in her thorough and thoughtful opinions accompanying the orders. We focus instead on Points III and IV.

4

Although Judge Pincus decided the pre-trial motions we affirm here, the case was tried by Judge Nieves. His ruling admitting information about the armed robbery in which the victim's cell phone was stolen was framed by Judge Pincus' pre-trial ruling denying defendant's motion to dismiss the indictment but agreeing she should be tried separately from Sedin.

Specifically, Judge Pincus found sufficient evidence to permit the grand jury to infer that defendant believed an official proceeding or investigation was pending or about to be instituted against Sedin and acted purposely to conceal or remove the phone he handed her to impair its availability in the proceeding against him contrary to N.J.S.A. 2C:28-6(1), the tampering charge. The judge similarly found sufficient evidence to support the charge of receipt of stolen property, N.J.S.A. 2C:20-7, that is, that defendant was with Sedin, who was charged with stealing phones during the course of a robbery, she refused to turn over the Samsung phone he passed to her when asked by police, and she had on her person two other iPhones, one of which was later determined to belong to the victim of the robbery. The judge found those circumstances "furnishe[d] sufficient proof by inference" that defendant knew the two iPhones in her possession were stolen or believed they had probably been stolen. The judge likewise found the State had presented sufficient evidence to

5

sustain the hindering charge, N.J.S.A. 2C:29-3(a), in defendant's refusal to turn over the Samsung phone after repeated requests, allowing the inference that she attempted to conceal all three phones, which might aid in lodging charges against Sedin.

Although denying defendant's motion to dismiss the indictment, Judge Pincus acknowledged the "inherent danger as recognized by [Rule] 3:15-2(6) in having the crimes" of defendant and Sedin tried together. She noted Sedin was charged with first-degree robbery, second-degree conspiracy, second-degree possession of a handgun, second-degree possession of a handgun for unlawful purposes, and aggravated assault versus defendant's "much less serious offenses." Given that disparity, the judge found it would be difficult for a jury to separately consider defendant's culpability because "the jury would hear all of the evidence regarding a series of violent robberies with a gun."

Judge Pincus concluded her ruling on the severance motion with the following thoughts:

> This court recognizes that some of the testimony of the robberies will have to be presented during Defendant Velasquez's trial in order to provide context of the circumstances surrounding Defendant Sedin. However, there would not be a need for the prosecutor to present all of the details of the armed robberies at a

6

trial for Defendant Velasquez, but rather the presentation would be limited to the jury understanding the significance behind the officer's request for the cell phone from Defendant Velasquez. Even if the court provided a limiting instruction [in a joint trial], the context and nature of the evidence is still such that creates a great risk that a jury will not, or cannot, follow such an instruction. Thus, this court finds that a limiting instruction would not be sufficient to ensure that the jury will not use the evidence of the armed robberies improperly against Defendant Velasquez and the charges of both Defendant Sedin and Defendant Velasquez must be severed.

Thus, the central problem for Judge Nieves at trial was determining how much of the testimony of the robberies needed to be admitted in order to permit the jury to understand "the circumstances surrounding . . . Sedin" and "the significance behind the officer's request for the cell phone from defendant," and what details would be unfairly prejudicial to her. Complicating that calculus was information extracted from the cell phones following the court's ruling. Specifically, the State discovered applications had been downloaded to a phone used by defendant that would allow the user to monitor police scanners. In addition, the information extracted from the cell phones revealed a text from defendant's phone to Sedin, telling him the address from which the 911 call reporting the robbery was placed only one minute after that call to police.

A-0370-17T2

Judge Nieves prohibited the State from referencing those texts. He noted defendant was not charged as Sedin's accomplice or with conspiracy to commit robbery, and as he found "there's no doubt that that text message to [Sedin], because of [defendant] listening to the scanner while he's committing the crime" would implicate her in the robbery, it was "too prejudicial" to be admitted at her trial for tampering, hindering and receipt of stolen property. Instead, the judge limited the State to the victim's account of the robbery, including his feeling "cold metal" against his head, which "felt like a gun." And while allowing police to refer to cell phones and "a weapon" recovered in the search of the Sedin home, the judge refused to allow police to testify the weapon recovered was a gun matching the victim's description of the gun put to his head.

Having reviewed the trial transcripts, including the several discussions between counsel and the court about the admission of evidence related to the robbery, we reject defendant's argument that the limited evidence of the Sedin robbery was not intrinsic evidence of the crimes with which defendant was charged and was, instead, improperly admitted N.J.R.E. 404(b) evidence. Simply stated, the evidence regarding the Sedin robbery implicated Sedin, not defendant, making N.J.R.E. 404 inapplicable. See State v. Figueroa, 358 N.J.

Super. 317, 326 (App. Div. 2003) (declining to find N.J.R.E. 404(b) applied to prior bad acts of others not the defendant); Biunno, Weissbard & Zegas, Current N.J. Rules of Evidence, cmt. 7 on N.J.R.E. 404 (2020) ("The rule applies only to other acts of the defendant; thus, evidence that includes references to bad conduct by the defendant's accomplices does not implicate this rule").

Defendant was indicted for tampering with evidence by concealing an iPhone that Sedin stole from the victim in an armed robbery to make it unavailable to police, knowing an official proceeding or investigation was pending or imminent, and hindering Sedin's prosecution for first-degree armed robbery by concealing evidence of the crime, namely the iPhone. As both judges to preside over the matter recognized, essential facts of that robbery, namely defendant's knowledge that one or more of the phones in her possession were likely stolen and her efforts to prevent police from obtaining the phone in order to shield Sedin from a first-degree robbery charge were all required elements of the State's case.

Judge Nieves carefully limited the testimony about the robbery and several times delivered a strong limiting instruction explaining to the jury that defendant was not charged with robbery, that "she had nothing to do with" it,

and that the jury could not use defendant's association with Sedin and his bad acts against her. The judge explained the testimony was admitted only to "put this case into context" and allow the jury to consider whether the State had met its burden to prove "all the elements of hindering an investigation for a crime of the first degree and tampering with the evidence." As the evidence was highly probative of defendant's intent to tamper with evidence and hinder Sedin's prosecution for armed robbery, certainly material, and the judge limited the testimony to reduce the risk of undue prejudice and instructed the jury about the limited purposes for which they could consider it, we cannot find any error in Judge Nieves admitting it under the test of N.J.R.E. 403. See State v. Scott, 229 N.J. 469, 479 (2017).

As to defendant's Point IV, that the trial judge improperly admitted the police officer's testimony about the cell phone extraction reports under N.J.R.E. 701, we are unconvinced. The testimony defendant complains of — about the deletion of the victim's call logs and other specific calls and texts after it was stolen from him — was not objected to by defendant. See State v. Santamaria, 236 N.J. 390, 404 (2019). While defendant's counsel did object to the detective testifying about apps on defendant's phone to monitor police

activity, that testimony was already in the record without objection through the testimony of the arresting officer.

The detective who testified about what the cell phone extraction records revealed did no more than describe, as a fact witness, that certain calls and texts were deleted from the phones in defendant's possession and list the apps loaded on the phone. See State v. Miller, 449 N.J. Super. 460, 471 (App. Div. 2017), rev'd on other grounds, 237 N.J. 15 (2019) (permitting police officer to testify as a fact witness, reporting what he found through his forensic investigation of the defendant's laptop). The officer offered no testimony that calls or texts were deleted to avoid detection of a crime of the sort we found objectionable in State v. Smith, 436 N.J. Super. 556, 574 (App. Div. 2014).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION